UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNDY DOMSOHN, on behalf of      CASE NO.:
herself and those similarly situated,

        Plaintiff,

vs.

IMPERIUM HEALTHCARE, INC., a
Florida Corporation,

        Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CYNDY DOMSOHN, on behalf of herself and those similarly situated, sues the Defendant, IMPERIUM HEALTHCARE, INC., a Florida Corporation, and alleges:

1. Over the last several years, Defendant has employed numerous home health aides which Defendant misclassified as "independent contractors." As a result of this misclassification, these workers are not paid overtime wages for their work performed in violation of the Fair Labor Standards Act. Each of these similarly situated employees are paid straight time of their hourly rate for overtime hours worked. As a result of this pay practice, these misclassified workers have not been paid full overtime wages for their overtime hours worked in the last three years.

2. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

3. Plaintiff worked for Defendant as a home health aide from approximately August 2016 to September 2020.

4. At all times during her employment, Plaintiff was paid by the hour.

5. Defendant, IMPERIUM HEALTHCARE, INC., is a Florida Corporation which is headquartered in New Port Richey, Florida and is within the jurisdiction of this Court.

6. This Court is the proper venue for this action as Defendant is headquartered in this judicial district.

7. Defendant offers "adult and pediatric home health care" for clients across Florida. *See* http://www.imperiumhealthcare.com/

8. Plaintiff and other home health aides provide those services for Defendant to its clients.

9. Rather than classifying these workers as employees, Defendant classifies Plaintiff and other home health aides as "independent contractors" and only pays them their regular hourly rate for overtime hours worked.

10. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similar situated home health aide type worker who worked for Defendant at any time within the past three (3) years.

11. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA

pursuant to 28 U.S.C. §2201 et seq.

12. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

13. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

14. Included in such goods, materials and supplies were computers, telephones, servers, medical equipment, medicine, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

15. Therefore, Defendant is considered an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

16. At all times relevant to this action, Defendant failed to comply with the FLSA by misclassifying Plaintiff and other home health aides as "independent contractors" (hereinafter the "class") and by failing to pay overtime compensation to Plaintiff and the class.

17. Each member of the putative class is classified as an "independent contractor."

18. However, the economic reality is that Plaintiff and the class are/were economically dependent upon Defendant.

19. Defendant both controlled Plaintiff and the class' job duties and pay.

20. Defendant instructed Plaintiff and the class which customers to service.

21. Defendant assigned the work to Plaintiff and the class.

22. Defendant would oversee Plaintiff's and the class' work.

23. Defendant required Plaintiff and the class to abide by a schedule which Defendant gave to them.

24. Defendant maintained exclusive control over the compensation received by Plaintiff and the class.

25. However, Defendant did not pay Plaintiff or the class complete overtime compensation for overtime hours worked.

26. Plaintiff and the class routinely worked overtime hours without receiving complete overtime compensation.

27. Defendant only paid Plaintiff and the class their regular hourly pay for all hours worked and not time and one-half of their regular rate for overtime hours worked.

28. Defendant (or its customers) provided all equipment or supplies (if any) for Plaintiff and the class to perform their work.

29. Plaintiff worked for Defendant for over four years and was not temporary work with Defendant.

30. Plaintiff worked with other members of the class who had worked similar lengths of employment as herself.

31. Plaintiff did not have a meaningful opportunity to work for any other company in addition to her work for Defendant.

32. Plaintiff and the class were an integral part of Defendant's business because without these workers, Defendant's customers would not be served, and Defendant would not generate income off of Plaintiff and the class providing these services.

33. As such, Plaintiff and the class were truly the employees of Defendant under the FLSA and are entitled to complete overtime compensation for the overtime hours worked by them.

34. Upon information and belief, the records, to the extent any exist and are accurate, concerning the hours worked and amounts paid to Plaintiff and the class are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34 above.

36. Plaintiff and the class are/were entitled to be paid overtime compensation for their overtime hours worked.

37. Plaintiff and the class routinely worked overtime hours to finish the jobs given to them by Defendant in many workweeks.

38. Other putative class members, including those who are joining this case, worked similar overtime hours.

39. Even though Plaintiff and the class routinely worked overtime hours, they were not paid any complete and proper overtime compensation.

40. During their employment with Defendant, Plaintiff and the class were

misclassified as independent contractors and were not paid the correct overtime compensation for overtime hours worked by them. *See supra.*

41. Defendant did not have a good faith basis for its decision to classify Plaintiff and the class as independent contractors.

42. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and the class complete overtime compensation, Plaintiff and the class have suffered damages plus incurring reasonable attorneys' fees and costs.

43. As a result of Defendant's willful or reckless violation of the FLSA, Plaintiff and the class are entitled to liquidated damages.

WHEREFORE, Plaintiff, CYNDY DOMSOHN, on behalf of herself and those similarly situated, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, prejudgment interest to the extent allowed by law, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 12th day of November, 2020.

/s/ C. Ryan Morgan
C. Ryan Morgan, Esq.
Florida Bar. No 15527
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
E-mail: RMorgan@forthepeople.com
*Attorneys for Plaintiff and the Class*