UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNDY DOMSOHN, on behalf of
herself and those similarly situated,

    Plaintiff,                                         Case No. 8:20-cv-02653-VCM-CPT

vs.

IMPERIUM HEALTHCARE, INC.,
a Florida Corporation,

    Defendant.

_____/

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant ("Defendant") answers the correspondingly numbered paragraphs of the Complaint filed by Plaintiff CYNDY DOMSOHN and those similarly situated ("Plaintiffs") and assert various defenses as follows:

1. Paragraph 1 sets forth a conclusion of law to which no response is required, therefore, denied.

2. Admitted that Plaintiff purports to bring this action for relief under the Fair Labor Standards Act, as amended 29 U.S.C. Section 216(b). The remaining allegations in paragraph 1 sets forth a conclusion of law to which no response is required, therefore, denied.

## GENERAL ALLEGATIONS

3. Admitted.

4. Admitted.

5. Admitted for jurisdictional and venue purposes only.

6. Admitted.

7. Admitted.

8. Admitted.

9. Paragraph 9 sets forth a conclusion of law to which no response is required, therefore, denied.

10. Admitted that Plaintiff purports to bring this action for relief under the Fair Labor Standards Act, as amended 29 U.S.C. Section 216(b). The remaining allegations in paragraph 10 sets forth a conclusion of law to which no response is required, therefore, denied.

11. Paragraph 11 sets forth a conclusion of law to which no response is required, therefore, denied.

12. Denied.

13. Denied.

14. Denied.

15. Paragraph 15 sets forth a conclusion of law to which no response is required, therefore, denied.

## FLSA VIOLATIONS

16. Paragraph 16 sets forth a conclusion of law to which no response is required, therefore, denied.

17. Paragraph 17 sets forth a conclusion of law to which no response is required, therefore, denied.

18. Paragraph 18 sets forth a conclusion of law to which no response is required, therefore, denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Paragraph 25 sets forth a conclusion of law to which no response is required, therefore, denied.

26. Paragraph 26 sets forth a conclusion of law to which no response is required, therefore, denied.

27. Paragraph 27 sets forth a conclusion of law to which no response is required, therefore, denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Paragraph 33 sets forth a conclusion of law to which no response is required, therefore, denied.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34; therefore, denied.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

35. Defendant hereby incorporates by reference its answers to Paragraphs 1 through 34 above.

36. Paragraph 36 sets forth a conclusion of law to which no response is required, therefore, denied.

37. Paragraph 37 sets forth a conclusion of law to which no response is required, therefore, denied.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38; therefore, denied.

39. Denied.

40. Paragraph 40 sets forth a conclusion of law to which no response is required, therefore, denied.

41. Paragraph 41 sets forth a conclusion of law to which no response is required, therefore, denied.

42. Paragraph 42 sets forth a conclusion of law to which no response is required, therefore, denied.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any of the relief demanded in the "PRAYER FOR RELIEF" clause in Plaintiff's Complaint.

## DEFENSES

In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

1. Plaintiff's claims are barred, in whole or in part, to the extent they include time that is not compensable under applicable law.

2. Defendant invokes the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA")

3. Defendant at all times pertinent hereto intended to comply with all applicable law.

4. Defendant did not commit any oppressive, willful, wanton, fraudulent or malicious act or authorize or ratify any such act with respect to Plaintiffs.

5. Defendant is entitled to offset monies or other consideration paid or provided to Plaintiff by Defendant for periods in which Plaintiff was not engaged to work.

6. To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the FLSA and the Florida and or United States Constitutions. Any award of punitive damages to Plaintiff in this case would be in violation of the FLSA and the constitutional safeguards provided to Defendant under the Constitution of the United States and or the laws of the State of Florida.

7. Without assuming the burden of proof, Defendant complied with all recordkeeping requirements of the FLSA.

8. Defendant at all times herein acted in furtherance of legitimate business interests.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to plead other defenses as they become known to Defendant during the litigation of this case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 16, 2021, a true and correct copy of this filing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that this filing is being served on counsel of record and parties in interest on this day via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Jaimon H. Perry

**JAIMON H. PERRY, ESQ.**
Florida Bar No. 514020
jperry@perrylawfla.com
**THE PERRY LAW GROUP**
37 North Orange Avenue Ste. 500
Orlando, FL 32801
407-323-2121
321-249-0587 (FAX)
*Attorney for Defendant*

Respectfully submitted,

/s/ Charles M. Holloman II

**CHARLES M. HOLLOMAN II, ESQ.**
Florida Bar No. 0032240
ch2@cmhollomanlaw.com
**HOLLOMAN LAW**
502 North Armenia Avenue
Tampa, Florida 33609
813-445-8721 Fax
813-445-8722 Phone
*Attorney for Defendant*